RANDY P. DAVENPORT, ESQ.
Attorney-At-Law
50 Park Place, Suite 825
Newark, New Jersey 07102
(973) 623-5551 * Fax (973) 623-6868
Attorney for Plaintiffs, Olutoyin A. Araromi & Shaye S. Araromi
rpdavenport@aol.com
_____

| | |
|---|---|
| **OLUTOYIN A. ARAROMI AND SHAYE S. ARAROMI,** : | **UNITED STATES DISTRICT COURT** |
| : | **DISTRICT OF NEW JERSEY** |
| : | |
| **Plaintiffs,** : | **:DOCKET NO.:** |
| : | |
| : | **CIVIL ACTION** |
| **v.** : | |
| : | |
| **MIDDLE TOWNSHIP POLICE DEPARTMENT,** : | **COMPAINT AND JURY DEMAND** |

**OLUTOYIN A. ARAROMI AND SHAYE S.** : **UNITED STATES DISTRICT COURT**
**ARAROMI,** : **DISTRICT OF NEW JERSEY**
                                     :
                                     :DOCKET NO.:
         **Plaintiffs,**             :
                                     :      **CIVIL ACTION**
         **v.**                      :
                                     :
**MIDDLE TOWNSHIP POLICE DEPARTMENT,** : **COMPAINT AND JURY DEMAND**
**Christopher Leusner, individually and in his**    :
**official capacity, MIDDLE TOWNSHIP,**             :
**CAPE MAY COUNTY PROSECUTOR'S OFFICE,** :
**ROBERT TAYLOR, individually and in his official** :
**capacity, CAPE MAY COUNTY REGIONAL SWAT**:
**TEAM, DIANE SORANTINO, individually and in**      :
**her official capacity, CAPE MAY COUNTY,**         :
**WILDWOOD POLICE DEPARTMENT, STEVEN**   :
**LONG, individually and in his official capacity,** :
**TOWNSHIP OF WILDWOOD, NEW JERSEY**      :
**STATE POLICE, JOSEPH FUENTES, individually** :
**and in his official capacity, STATE OF NEW**      :
**JERSEY, UNITED STATES OF AMERICA DEPT.** :
**OF JUSTICE DRUG ENFORCEMENT**           :
**ADMINISTRATION, MICHELE LEONHEART**     :
**in her official capacity individually and**       :
**ESPLANADE SUITES, MAUREEN SERVISS,**    :
**individually and in her official capacity,**      :
**BEACHTREE PROPERTIES, LLC, official capacity** :
**JOHN DOES 1  through 10, individually and in their** :
**official capacity, JANE DOES 1 through 10,**     :
**individually and in their official capacity,**    :
**ROBERT ROES 1 through 10, individually and in**   :
**his official capacity, RICHARD ROES, 1 through 10,** :
**individually and in their official capacity,**    :
**VICKY VOES 1 through 10, individually and in**    :
**their official capacity, MICHAEL MOES 1 through** :
**10, individually and in their official capacity,** :
**PATSY POES, 1 through 10, individually and in**   :
**their official capacity, FREDDY FOES, 1 through**  :
**10, individually and in their official capacity,** :
**DONALD DOES, 1 through 10,  individually and in** :
**their official capacity, ABC ENTITIES 1 through 10,** :
**BETTY BOES 1 through 10, individually and in their**:
**official capacity.**                    :
         **Defendants.**              :
_____ :

Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi, are citizens of the State of New Jersey, both residing at 939 Floyd Terrace, Union, New Jersey 07083, by way of Complaint against Defendants herein say:

## JURISDICTION AND VENUE

1.     Jurisdiction of this court is evoked pursuant to 28 U.S.C. Section 1331 in as much as this matter involves causes of action arising under 22 U.S.C. Sections 1983, 1986 and the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

2.     Jurisdiction of this court is evoked pursuant to 28 U.S.C. 1343 in as much as this matter involves causes of action seeking redress for the deprivation under color of state law of rights existing under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. 1983 and 1986.

3.     The jurisdiction of the claims based on New Jersey law which are set forth in this complaint is invoked pursuant to pendant jurisdiction of this Court.

## BACKGROUND

1.     At all times relevant hereto, Defendant, Middle Township is a municipal corporation organized under the laws of the State of New Jersey whose principal place of business is 31 Mechanic Street, Cape May, New Jersey.

2.     At all times relevant hereto, Defendant, Cape May County is a municipal corporation in the State of New Jersey organized under the laws of the State of New Jersey whose principal place of business is 4 Moore Road, Cape May County Courthouse, Cape May, New Jersey.

3.     At all times relevant hereto, Defendant, Wildwood Township is a municipal corporation organized under the laws of the State of New Jersey whose principal place of business is 4400 New Jersey Avenue, Wildwood, New Jersey.

4.     At all times relevant hereto, Defendants, the Middle Township Police Department, Cape May County Prosecutor's Office, Cape May County's Regional SWAT Team, and Wildwood

2

Police Department are the Law Enforcement Agencies and/or organizations of the respective municipal corporations for which they are named, organized, recognized and authorized under the laws of the respective municipalities and Counties.

5.     At all times relevant hereto, Defendant, the New Jersey State Police Department is a subdivision of the State of New Jersey, organized, recognized and authorized under the laws of the state of New Jersey.

6.     At all times relevant hereto, Defendant, the United States of America Department of Justice Drug Enforcement Administration is a subdivision of the United States of America organized, recognized and authorized under the laws of the United States of America.

7.     At all times relevant hereto, Defendant, Christopher Leusner, was a citizen of the state of New Jersey and was employed as the Chief of Police of the Middle Township Police Department.

8.     At all times relevant hereto, Defendant, Diane Sorantino, was a citizen of the state of New Jersey and was employed as the Chief of Police of the Cape May County Police Department.

9.     At all times relevant hereto, Defendant, Steven Long, was a citizen of the state of New Jersey and was employed as the Chief of Police of the Wildwood Police Department.

10.     At all times relevant hereto, Defendant, Joseph Fuentes was a Colonel who was the Superintendent of the New Jersey State Police.

11.     At all times relevant Defendant, Michele Leonheart, was employed as the Administrator of the United States of America Department of Justice Drug Enforcement Administration.

12.     At all times relevant hereto, Defendant, Esplanade Suites was a motel conducting business in the Township of Wildwood, New Jersey.

13.     At all times relevant hereto, Defendant, Maureen Serviss was a citizen of and/or worked in the State of New Jersey and was employed as a General Manager at the Esplanade Suite Hotel located in Wildwood, New Jersey.

14.     At all times relevant hereto, Beachtree Properties, LLC, was a Limited Liability Company, conducting business in the State of New Jersey as property managers and/or owners of Esplanade Suites, located in Wildwood, New Jersey.

15.     At all times relevant hereto, Defendants, JOHN DOES 1 through 10, are fictitious names of individuals that are citizens of the State of New Jersey and were employees, contracts and/or assigns of the Middle Township Police Department, Cape May County Police Department and Wildwood Police Department and Wildwood Police Department as Police Officers, Detectives and/or supervising Police Officers, whom aided and abetted and/or conspired and/or acted to deprive Plaintiff of his civil rights.

16.     At all times relevant hereto, Defendants, JANE DOES 1 through 10, are fictitious names of individuals that are citizens of the State of New Jersey and were employees, contracts and/or assigns of the State of New Jersey Police Department as Police Officers, Detectives and/or supervising Police Officers, whom aided and abetted and/or conspired and/or acted to deprive Plaintiff of his civil rights.

17.     At all times relevant hereto, Defendants, ROBERT ROES, 1 through 10, are fictitious names of individuals that are citizens of the State of New Jersey and were employees, contracts and/or assigns of the United States of America Department of Justice Drug Enforcement Administration as Enforcement Agents, Investigators, Detectives and/or supervisors thereof, whom aided and abetted and/or conspired and/or acted to deprive Plaintiffs of their civil rights.

18.     At all times relevant hereto, Defendants, RICHARD ROES 1 through 10, are fictitious names of individuals that are citizens of the State of New Jersey and were employees, contracts and/or assigns of Middle Township, Cape May County and the Town of Wildwood whom worked in conjunction, association and/or affiliation with, and/or otherwise supervised and/or oversaw the Middle Township Police Department, the Cape May County Police Department and/or the Wildwood Police Department, and whom aided and abetted and/or conspired and/or acted to deprive Plaintiffs of their civil rights.

19.     At all times relevant hereto, Defendants, VICKY VOES 1 through 10, are fictitious names of individuals that are citizens of the State of New Jersey and were employees, contracts and/or assigns of the State of New Jersey whom worked in conjunction, association and/or affiliation with, and/or otherwise supervised and/or oversaw the New Jersey State Police Department, whom aided and abetted and/or conspired and/or acted to deprive Plaintiffs of their civil rights.

20.     At all times relevant hereto, Defendants, MICHAEL MOES 1 through 10, are fictitious names of individuals that are citizens of the State of New Jersey and were employees, contracts and/or assigns of the United States of America Department of Justice whom worked in conjunction, association and/or affiliation with, and/or otherwise supervised and/or oversaw the Department of Justice's Drug Enforcement Administration, whom aided and abetted and/or conspired and/or acted to deprive Plaintiffs of their civil rights.

21.     At all times relevant hereto, Defendants, PATSY POES 1 through 10 are fictitious names of individuals that are citizens of the State of New Jersey and were employees, contracts and/or assigns and/or otherwise worked for or in conjunction and/or affiliation with Esplanade Suites Hotel, whom aided and abetted and/or conspired and/or acted to deprive Plaintiffs of their civil rights.

22.     At all times relevant hereto, Defendants, FREDDY FOES , 1 through 10 are fictitious names of individuals that are citizens of the State of New Jersey and were employees, contracts, assigns and/or affiliates of the Esplanades Suite, whom aided and abetted and/or conspired and/or acted to deprive Plaintiffs of their civil rights.

23.     At all times relevant hereto, Defendants, DONALD DOES , 1 through 10 are fictitious names of individuals that are citizens of the State of New Jersey or other states and were employees, contracts, assigns and/or affiliates of the Beachtree Properties, LLC, whom aided and abetted and/or conspired and/or acted to deprive Plaintiffs of their civil rights.

24.     At all times relevant hereto, Defendants, ABC ENTITIES 1 through 10 are fictitious names of entities, governmental and/or otherwise, that are located and/or conducting business, in the state of New Jersey, that worked in conjunction, association and/or affiliation with, and/or otherwise supervised and/or oversaw the Defendant local, state and federal government Police Departments and/or Law Enforcement Agencies, and/or governmental entities named herein.

25.     At all times relevant hereto, Defendants, BETTY BOES 1 through 10, are fictitious names of individuals that are citizens of the State of New Jersey and were employees, contracts, assigns and/or affiliates of the ABC ENTITIES, 1 through 10, whom aided and abetted and/or conspired and/or acted to deprive Plaintiffs of their civil rights.

26.     At all times relevant, Defendant Robert Taylor was a citizen of the State of New Jersey and was employed as the Prosecutor of Cape May County.

27.     At all times relevant hereto, Plaintiff, Olutoyin A. Araromi, (hereafter "Olutoyin", is Black, married, middle-aged woman who is a mother of three, (3), works for the Division of Youth and Family Services as Family Specialist and serves as a delegate for St. John's Episcopal Church located in Fords, New Jersey, and whom has never been arrested or convicted of a crime.

28.     At all times relevant hereto, Plaintiff, Shaye S. Araromi, was employed as a certified public accountant and is the husband of Plaintiff Olutoyin Araromi.

## COUNT ONE

### VIOLATION OF CIVIL RIGHTS

1.     Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi , repeat and reiterate each and every allegation contained in paragraphs 1 through 7 of the Background of this Complaint  as if set forth in its entirety herein.

2.     On February 29, 2008, Plaintiff, Olutoyin, checked into the Esplandade Suites Hotel Resort, (hereafter, the "Hotel",) at approximately 1:00 p.m., pursuant to previously made reservations, and was assigned to and issued the key for her room therein.

3.     At the time of her check in, Plaintiff, Olutoyin, registered to stay in the Hotel in accordance with her previously made reservations, for the purpose of attending a church conference that was being held at the Wildwood Convention Center located in Wildwood, New Jersey.

4.     At approximately 10:00 p.m. on February 29, 2009, Plaintiff, Olutoyin, retired for the evening to her Room 206.

5.     At approximately 2:00 a.m. on March 1, 2008, Plaintiff, Olutoyin, abruptly awoke to a loud explosion type noise and several, unidentified men wearing black clothing and masks rushing into her hotel room.

6.      At all times relevant hereto, said men were Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10, violently grabbed Plaintiff, Olutoyin out of the bed, slammed her on the floor, handcuffed her, got on top of her, pointed guns at her head and face and yelled at her.

7.     Plaintiff, Olutoyin, lost and regained consciousness, pled for her life, convulsed and sweated uncontrollably, went into shock and urinated on herself as Defendants pointed guns at her. Plaintiff begged and pleaded with Defendants' not to kill her.

8.     Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10, subsequently identified themselves to Plaintiff, Olutoyin, as law enforcement officers and told her that they had the wrong room.

9.     The actions of Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10, violated the rights of Plaintiff, Olutoyin, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, the New Jersey Constitution and 42 U.S.C. Sections 1983, 1985 and 1986 for which said Defendants are individually liable.

10.     As a result of the actions of Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10, Plaintiffs Olutoyin and Shaye Araromi, sustained serious and permanent physical and psychological injuries.

**WHEREFORE**, Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi, request judgment against Defendants for damages, together with attorney fees and costs of suit and any further relief as the Court may deem proper and just.

**COUNT TWO**

**VIOLATION OF CIVIL RIGHTS**

1.      Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi , repeat and reiterate each and every allegation contained in of the Background and Count One of this Complaint  as if set forth in its entirety herein.

2.      At all times relevant hereto, the actions of Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10, were excessive and constituted an intentional assault upon Plaintiff, Olutoyin.

3.      The intentional assault upon Plaintiff, Olutoyin by Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10, was caused, in whole and/or in part, by the fact that Plaintiff, Olutoyin, is Black.

4.      The intentional assault upon Plaintiff, Olutoyin, by Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10, caused, in whole and/or in part, by Olutoyin's black heritage, was done with actual malice and/or with willful and wanton indifference to, and deliberate disregard for, the constitutional rights of said Plaintiff, ergo triggering exemplary damages.

**WHEREFORE,** Plaintiffs, Olutoyin A. Araromi and Shaye S.Araromi, request judgment against Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10,  for damages, together with attorney fees and costs of suit and any further relief as the Court may deem proper and just.

## COUNT THREE

### VIOLATION OF CONSTITUTIONAL RIGHTS

1.      Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi , repeat and reiterate each and every allegation contained in  the Background and Counts One and  Count Two of this Complaint as if set forth in its entirety herein.

2.      At all times relevant hereto, it was the policy and practice of Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Township Police Department, the New Jersey State Police and the United States of America's Department of Justice Drug Enforcement Administration, to authorize certain law enforcement officers and/or agents, including Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10, to use excessive force when investigating matters involving, and executing warrants and effectuating arrests of, Black people.

3.      At all times relevant hereto, the policy and practice of Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Township Police Department, the New Jersey State Police and the United States of America's Department of Justice Drug Enforcement Administration, encouraged and caused constitutional violations by Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10, including the violation of Plaintiff Olutoyin's constitutional rights thereby.

4.      At all times relevant hereto, Defendants, Diane Sorantino, Steven Long, Joseph Fuentes, Michele Leonheart, JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10 and other unknown supervisors who supervised the officers and/or agents who unlawfully violated Plaintiff Olutoyin's constitutional rights, encouraged and tolerated the policies and practices described in the foregoing paragraphs.

5.     At all times relevant hereto, Defendants, Middle Township, Middle Township Police Department, Cape May County, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Township, Wildwood Township Police Department, the State of New Jersey, New Jersey State Police and the United States of America Department of Justice   Department of Justice Drug Enforcement Administration, failed to adequately train, supervise, and/or control Defendant officers and/or agents so as to prevent violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the New Jersey State Constitution, and § 42 U.S.C. 1983, 1985 and 1986.

6.     At all times pertinent hereto, Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10 were acting within the scope of their employment and Defendants, Middle Township, Middle Township Police Department, Cape May County, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Township, Wildwood Township Police Department, the State of New Jersey, New Jersey State Police, the United States of America's Department of Justice   the United State Department of Justice's Drug Enforcement Administration, Diane Sorantino, Steven Long, Joseph Fuentes, Robert Taylor and Michele Leonheart, are therefore liable for the violation of Plaintiff Olutoyin's constitutional rights by Defendants , JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10.

**WHEREFORE,** Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi, request judgment against Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10 and ROBERT ROES 1 through 10 were acting within the scope of their employment and Defendants, Middle Township, Middle Township Police Department, Cape May County, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Township, Wildwood Township Police Department, the State of New Jersey, New Jersey State Police, the United States of America's Department of Justice   the United States Department of Justice's Drug Enforcement Administration, Diane Sorantino, Steven Long, Joseph Fuentes, Robert Taylor and

Michele Leonheart, for damages, together with attorney fees and costs of suit and other further relief as the Court may deem proper and just.

## COUNT FOUR

### CONSPIRACY TO VIOLATE CIVIL RIGHTS

1.      Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi , repeat and reiterate each and every allegation contained in the Background and Counts One though Count Three of this Complaint  as if set forth in its entirety herein.

2.      At all times relevant hereto, Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES 1 through 10  conspired to violate Plaintiff Olutoyin's right to equal protection of laws as more fully described in the foregoing paragraphs because said Plaintiff is Black in violation of 42 U.S.C. § 1983, 1985, and 1986, for which said Defendants are individually liable.

**WHEREFORE**, Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi, request judgment against Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES 1 through 10, for damages, together with attorney fees and costs of suit and any further relief as the Court may deem proper and just.

## COUNT FIVE

### CONSPIRACY TO VIOLATE CIVIL RIGHTS

1.      Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi , repeat and reiterate each and every allegation contained in  the Background and Count One through Count Four of this Complaint as  if set forth in its entirety herein.

2.      Defendants, Middle Township, Middle Township Police Department, Cape May County, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Township, Wildwood Township Police Department, the State of

New Jersey, New Jersey State Police, the United States of America's Department of Justice  the United State Department of Justice's Drug Enforcement Administration, Diane Sorantino, Steven Long, Joseph Fuentes, Robert Taylor and Michele Leonheart, having knowledge that Defendants, JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES 1 through 10, conspired to violate the Plaintiff's civil rights because she is Black, and having power to prevent the violations of civil rights, through its agents and assigns, refused to do so in violation of 42 U.S. Sec. 1983, 1985 and 1986 for which the Defendants is liable.

**WHEREFORE**, Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi, request judgment against Defendants, Middle Township, Middle Township Police Department, Cape May County, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Township, Wildwood Township Police Department, the State of New Jersey, New Jersey State Police, the United States of America's Department of Justice  the United States Department of Justice's Drug Enforcement Administration, Diane Sorantino, Steven Long, Joseph Fuentes and Michele Leonheart (head of DOJ), for damages, together with attorney fees and costs of suit and other further relief as the Court may deem proper and just.

## COUNT SIX

### ASSAULT AND BATTERY

1.      Plaintiffs, Olutoyin A. Araromi and Shaye S. Araromi , repeat and reiterate each and every allegation contained in the Background and Count One through Count Five of this Complaint as if set forth in its entirety herein.

2.      The intentional assault upon Plaintiff by Defendants JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10and BETTY BOES 1 through 10, when Defendants had no lawful authority to assault Plaintiff, when Plaintiff

was unarmed and did not pose a threat of death or grievous bodily injury to Defendants was without justification or provocation, was excessive and constitutes and aggravated assault for which the Defendants are individually liable.

3.      As a proximate result of the assault committed by Defendants, Plaintiff has sustained permanent injuries and has incurred medical bills and expenses.  These injuries have caused and will continue to cause Plaintiff great pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiffs request judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

<u>**COUNT SEVEN**</u>

**ASSAULT AND BATTERY**

1.      Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Six of this Complaint as though the same were fully set forth at length herein.

2.      The assault of Plaintiff by Defendants JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES 1 through 10, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendant or others, when Defendants did not have lawful authority to arrest Plaintiff or to use deadly or non-deadly force against him, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff.  Plaintiff is thus entitled to exemplary damages.

3.      As a proximate result of the aggravated assault committed by Defendants, Plaintiff has sustained permanent injuries and has incurred medical bills and expenses.  These injuries have caused and will continue to cause Plaintiff great pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any further relief as the Court may deem proper and just.

<u>**COUNT EIGHT**</u>

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1.      Plaintiffs Olutoyin A. Araromi and Shaye S. Araromi incorporates herein by reference the allegations contained in the Background and Counts One through Seven of this Complaint as though the same were fully set forth at length herein.

2.      Defendants JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10, BETTY BOES and CONSTANCE COES 1 through 10, intentionally assaulted Plaintiff in such a manner that was extremely outrageous, and unjustified, and caused Plaintiff to suffer permanent physical and emotional distress for which Defendants JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES  1 through 10 are individually liable.

3.      As a proximate result of the aggravated assault committed by Defendants, Plaintiffs have sustained permanent injuries and has incurred medical bills and expenses.  These injuries have caused and will continue to cause Plaintiff great pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiffs Olutoyin A. Araromi and Shaye S. Araromi requests judgment against Defendants for damages, together with attorney fees and costs of suit and any further relief as the Court may deem proper and just.

<u>**COUNT NINE**</u>

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1.      Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Eight of this Complaint as though the same were fully set forth at length herein.

2.      The assault and other constitutional violations and abuse of Plaintiff by Defendants JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES 1 through 10, were unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff.  Plaintiff is thus entitled to exemplary damages.

3.      As a proximate result of the aggravated assault committed by Defendants JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES 1 through 10, Plaintiff has sustained permanent injuries and has incurred medical bills and expenses.  These injuries have caused and will continue to cause Plaintiff great pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiffs Olutoyin A. Araromi and Shaye S. Araromi requests judgment against Defendants for damages, together with attorney fees and costs of suit and any further relief as the Court may deem proper and just.

<u>**COUNT TEN**</u>

**RESPONDEAT SUPERIOR LIABILITY**

1.      Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Nine as though the same were fully set forth at length herein.

2.      At all times pertinent hereto, Defendants JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1

through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES 1 through 10, were acting within the scope of their employment as law enforcement officers of the Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police Department and United States of America Department of Justice, Drug Enforcement Administration.

3.     Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police Department and Department of Justice, United States of America Drug Enforcement Administration are liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of Defendants JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES  1 through 10, committed within the scope of their employment.

4.     As a proximate result of the, Plaintiffs have sustained permanent injuries and have incurred medical bills and expenses.  These injuries have caused and will continue to cause Plaintiff great pain and suffering, both emotional and physical.

   **WHEREFORE**, Plaintiffs request judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT ELEVEN

### RESPONDEAT SUPERIOR LIABILITY

1.     Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Ten of this Complaint as though the same were fully set forth at length herein.

2.     Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police

Department and United States of America Department of Justice, Drug Enforcement Administration. through its agents, expressly authorized Defendants, to use excessive force when the Defendants knew, through its agents, that Defendants JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES 1 through 10, had a propensity for committing intentional torts, using excessive force in the line of duty, and acquiesced in the Defendant's wrongful conduct. Plaintiff is thus entitled to exemplary damages against the Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police Department and United States of America Department of Justice, Drug Enforcement Administration for the malicious conduct to Plaintiff.

3.    As a proximate result Plaintiffs have sustained permanent injuries and have incurred medical bills and expenses. These injuries have caused and will continue to cause Plaintiffs great pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiffs request judgment against Defendants for damages, together with attorney fees and costs of suit and any further relief as the Court may deem proper and just.

## COUNT TWELVE

### NEGLIGENCE

1.    Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Eleven of the Complaint as though the same were fully set forth at length herein.

2. Defendant JOHN DOES 1 through 10, JANE DOES 1 through 10, ROBERT ROES 1 through 10, RICHARD ROES 1through 10, VICKY VOES 1 through 10, MICHAEL MOES 1 through 10, ABC ENTITIES 1 through 10 and BETTY BOES 1 through 10,while acting as agents and employee for the Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood

Police Department and United States of America Department of Justice, Drug Enforcement Administration.  In their capacity as police officers for the Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police Department and United States of America Department of Justice, Drug Enforcement Administration, owed a duty to Plaintiff to perform their police duties without using excessive force.  Defendant Detective(s), use of force upon Plaintiff when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others constitutes negligence for which Defendants are individually liable.

3.      As a proximate result of Defendants' negligent use of excessive force, Plaintiffs have sustained permanent injuries and they have incurred medical bills and other expenses.  These injuries have caused and will continue to cause Plaintiffs pain and suffering both mental, emotional and physical.

   **WHEREFORE,** Plaintiffs request judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT THIRTEEN

### NEGLIGENCE

1.      Plaintiffs incorporate herein by reference the allegations contained in Counts One through Twelve as though the same were fully set forth at length herein.

2.      At all times of the alleged incident Defendants were acting within the scope of their employment as officers of the Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police Department and United States of America Department of Justice, Drug Enforcement Administration.

3.      As a proximate result Plaintiffs have sustained permanent injuries and they have incurred medical bills and other expenses.  Theses injuries have caused and will continue to cause Plaintiffs pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiffs request judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT FOURTEEN

### NEGLIGENCE

1.      Plaintiffs incorporate herein by reference the allegations contained in Counts One through Thirteen as though the same were fully set forth at length herein.

2.      Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police Department and United States of America Department of Justice, Drug Enforcement Administration. 's failure to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiffs.  Plaintiffs are thus entitled to exemplary damages.

3.      As a proximate result Plaintiffs have sustained permanent injuries and they have incurred medical bills and other expenses.  These injuries have caused and will continue to cause Plaintiffs pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiffs request judgment against Defendants for damages, together with attorney fees and costs of suit and any further relief as the Court may deem proper and just.

## COUNT FIFTEEN

### NEGLIGENCE

1.      Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Fourteen of this Complaint as though the same were fully set forth at length herein.

2.     At all times of the alleged incident Defendants were acting within the scope of their employment as officers of the Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police Department and United States of America Department of Justice, Drug Enforcement Administration.

3.     As a proximate result Plaintiffs have sustained permanent injuries and they have incurred medical bills and other expenses.  These injuries have caused and will continue to cause Plaintiffs pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiffs request judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

<u>**COUNT SIXTEEN**</u>

**NEGLIGENCE**

1.     Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Fifteen of this Complaint as though the same were fully set forth at length herein.

2.     Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police Department and United States of America Department of Justice Drug Enforcement Administration's failure to provide adequate training and supervision to its police officer constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiffs.  Plaintiffs are thus entitled to exemplary damages.

3.     As a proximate result Plaintiffs have sustained permanent injuries and he has incurred and will continue to incur medical bills and other expenses.  These injuries have caused and will continue to cause Plaintiff pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT SEVENTEEN

### NEGLIGENCE

1.      Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Sixteen of this Complaint as though the same were fully set forth at length herein.

2.      At all times of the alleged incident Defendants, John Does 1 through 10, Robert Roes 1 through 10 and Jane Does 1 through 10 in their individual and official capacities were acting within the scope of their employment as police officers of the Defendants, Middle Township Police Department, Cape May County Prosecutor's Office Narcotics Task Force, Cape May County's Regional SWAT Team, Wildwood Police Department and United States of America Department of Justice, Drug Enforcement Administration and/or ABC Entities 1 through 10.

3.      As a proximate result of Defendants negligence, Plaintiffs have sustained permanent injuries and they have incurred medical bills and other expenses.  These injuries have caused and will continue to cause Plaintiffs pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiffs request judgment against Defendants for damages, together with attorney fees and costs of suit and any further relief as the Court may deem proper and just.

## COUNT EIGHTEEN

## NEW JERSEY CIVIL RIGHTS ACT OF 2004

1.      Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Seventeen of this Complaint as though the same were fully set forth at length herein.

2.      Defendants each of them, failed to adequately perform or negligently performed and official duty and/or conspired to violate Plaintiffs Civil rights as protected by the New Jersey Civil Rights Act of 2004.

**WHEREFORE**, Plaintiffs requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT NINETEEN

### NEGLIGENCE

1.      Plaintiffs incorporate herein by reference the allegations contained in the Background and Counts One through Eighteen of this Complaint as though the same were fully set forth at length herein.

2.      Defendants Esplanade Suites, Maureen Serviss and Beachtree Properties, LLC, had a duty to provide a safe and secure motel for Plaintiff Olutoyin A. Araromi.  Said defendants failed to provide a safe and secure motel.

3.      As a approximate result of defendants negligence, Plaintiffs sustained injuries and they have incurred medical bills and other expenses.  These injuries have caused and will continue to cause Plaintiff pain and suffering, both emotional and physical.

**WHEREFORE**, Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT TWENTY

### LOSS OF SERVICES AND CONSORTIUM

1.      Plaintiff incorporates herein by reference the allegations contained in the Background and Counts One through Nineteen of this Complaint as though the same were fully set forth at length herein.

2.       Due to the negligence of each and every defendant herein, Plaintiff Shaye Araromi has sustained the loss of services and consortium of his wife, Olutoyin A. Araromi, as Olutoyin could not perform said services due to injuries received as a result of defendants' negligence.

**WHEREFORE**, Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### JURY DEMAND

Pursuant to R.38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Randy P. Davenport, Esq., is hereby designated as trial counsel.

### CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in court or a pending arbitration.  I know of no other party who should be joined in this action.

Dated: March 1, 2010                          *Randy P. Davenport, Esq.,*            /S/
                                              RANDY P. DAVENPORT, Esq.
                                              Attorney for Plaintiff, Olutoyin A. Araromi
                                              & Shaye S. Araromi